UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AEROPLATE CORP. | ) | CASE NO. 08-81C |
| Plaintiff, | ) | Judge Charles F. Lettow |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | FIRST AMENDED COMPLAINT |
| Defendant. | ) | |

Plaintiff alleges:

1. The United States Court of Federal Claims has jurisdiction in this matter pursuant to 41 U.S.C. Section 609 (a) (1). Plaintiff files this First Amended Complaint in accordance with RUSCFC 15(a) in that Defendant has not filed a responsive pleading to AEROPLATE's Complaint.

2. Plaintiff AEROPLATE CORP. ("AEROPLATE") is, and at all times herein mentioned was a corporation duly organized and existing under and by virtue of the laws of the State of California.

3. Defendant THE UNITED STATES OF AMERICA is, and at all times herein mentioned was, acting by and through the Department of the Army and the Air Force, National Guard Bureau, US Property and Fiscal Officer for California, Fresno, California ("FANG"), which is, and at all times herein mentioned was, an agency of the United States.

4. On or about July 11, 2006 AEROPLATE entered into Contract W912LA-06-C-5007 ("CONTRACT") for the Repair/Construct Maintenance Hangar and Shops ("PROJECT"), Fresno ANG Base ("PROJECT"), Fresno, CA. The entire CONTRACT, including plans, specifications and related contract documents, ("CONTRACT DOCUMENTS"), are voluminous and therefore not attached hereto, but are a matter of public

record, and have and will be made available to all parties and are incorporated herein by this reference as though fully set forth at this point.

**5.** The CONTRACT was competitively bid by AEROPLATE pursuant to a Solicitation by the FANG for competitive bids. AEROPLATE submitted its competitive bid and was awarded the CONTRACT in the sum of $7,127,020.00. (Base bid of $6,486,020.00 and Option 01, 05, 06, 09, 11, 12, 23, 15, and 16 of $641,000.00). The CONTRACT called for the start of the performance of work required thereby within ten (10) calendar days after receipt of the Notice to Proceed (NTP) and required completion within 435 calendar days after receipt of the NTP. The NTP was received by AEROPLATE on or about September 15, 2006, thereby establishing the completion date as December 04, 2007. The CONTRACT has been extended by modifications to and including January 03, 2008.

6. The CONTRACT DOCUMENTS required the contractor to furnish all plant, labor, materials, tools, appliances, equipment, services, fuel, transportation and supervision to complete the Project, comprised of general construction and remodel of the maintenance hanger and shops and associated site work, The scope of work included demolition of site work, including walks, paving and landscaping, demolition of building components for remodeling; general construction of building addition and remodel construction of existing buildings, construction of site improvements, including pavement and walks, patch and repair of landscaping and irrigation work, restoration and replacement of roofing systems. Buildings included in the scope of Project are building numbers 100 and 104. Optional bid items include installing white marker boards; partition wall, window coverings, fixed seating in classroom, lockers and benches, window replacement, epoxy floor coating, BUR roof restoration and demo of buildings 110 and 111.

**7.** AEROPLATE has timely and properly performed any and all obligations required to be performed under the CONTRACT, except as excused or delayed by the FANG‘s failure to timely perform as more specifically set forth below.

FIRST CAUSE OF ACTION

I. Exterior Door Supports

**8.** By letter dated November 21, 2007, AEROPLATE forwarded a claim in the amount of $48,613.90 for the estimated increased direct and indirect costs and delays related to PCO "G", Exterior Door Supports and requested a Final Decision of the Contracting Officer in the in the approximate sum of Forty Eight Thousand, Six Hundred and Thirteen Dollars and Ninety Cents ($48,613.90) plus 10 calendar days of delay. The claim(s) was certified although not required by the Contract Disputes Act. More than sixty (60) days have passed since the Contracting Officer received AEROPLATE's claim. The Contracting Officer has not responded to AEROPLATE's claim and as such AEROPLATE's claim is deemed denied.

9. As a direct and proximate result of the foregoing, AEROPLATE has suffered damages as and for direct costs, delay, disruption, inefficiency, impact and extended home and field office overhead and liquidated damages in the sum of Forty Eight Thousand, Six Hundred and Thirteen Dollars and Ninety Cents ($48,613.90).

II. Marker Boards

10. By letter dated November 21, 2007, AEROPLATE forwarded a claim in the amount of $22, 256.71 for the estimated increased direct and indirect costs and delays related to PCO "N", Marker Boards and requested a Final Decision of the Contracting Officer in the in the approximate sum of Twenty Two Thousand, Two Hundred And Fifty Six Dollars and Seventy one Cents ($22,256.71) plus 2 calendar days of delay. The claim(s) was certified although not required by the Contract Disputes Act. More than sixty (60) days have passed since the Contracting Officer received AEROPLATE's claim. The Contracting Officer has not responded to AEROPLATE's claim and as such AEROPLATE's claim is deemed denied.

11. As a direct and proximate result of the foregoing, AEROPLATE has suffered damages as and for direct costs, delay, disruption, inefficiency, impact and extended home and field office overhead and liquidated damages in the sum of Twenty Two Thousand, Two

Hundred and Fifty Six Dollars and Seventy One Cents ($22,256.71) plus two calendar days of delay.

III. Weapons Slab

12. By letter dated November 23, 2007, AEROPLATE forwarded a claim in the amount of $42,552.00 for the estimated increased direct and indirect costs and delays related to PCO "K", Weapons Slab and requested a Final Decision of the Contracting Officer in the in the approximate sum of Forty Two Thousand, Five Hundred and Fifty Two Dollars ($42,552.00) plus 7 calendar days of delay. The claim(s) was certified although not required by the Contract Disputes Act. More than sixty (60) days have passed since the Contracting Officer received AEROPLATE's claim. The Contracting Officer has not responded to AEROPLATE's claim and as such AEROPLATE's claim is deemed denied.

13. As a direct and proximate result of the foregoing, AEROPLATE has suffered damages as and for direct costs, delay, disruption, inefficiency, impact and extended home and field office overhead and liquidated damages in the sum of Forty Two Thousand, Five Hundred and Fifty Two Dollars ($42,552.00) plus 7 calendar days of delay.

IV. CMU Wall Demolition

14. By letter dated November 23, 2007, AEROPLATE forwarded a claim in the amount of $116,698.96 for the estimated increased direct and indirect costs and delays related to PCO "L", CMU Wall Demolition, and requested a Final Decision of the Contracting Officer in the in the approximate sum of One Hundred Sixteen Thousand, Six Hundred And Ninety Eight Dollars and Ninety Six Cents ($116,698.96) plus 20 calendar days of delay. The claim(s) was certified as required by the Contract Disputes Act. More than sixty (60) days have passed since the Contracting Officer received AEROPLATE's claim. The Contracting Officer has not responded to AEROPLATE's claim and as such AEROPLATE's claim is deemed denied.

15. As a direct and proximate result of the foregoing, AEROPLATE has suffered damages as and for direct costs, delay, disruption, inefficiency, impact and extended home and field office overhead and liquidated damages in the sum of One Hundred Sixteen Thousand,

Six Hundred And Ninety Eight Dollars and Ninety Six Cents ($116,698.96) plus 20 calendar days of delay.

V. Crane Footings

16. By letter dated November 23, 2007, AEROPLATE forwarded a claim in the amount of $18,136.00 for the estimated increased direct and indirect costs and delays related to PCO "M", Crane Footings, and requested a Final Decision of the Contracting Officer in the in the approximate sum of Eighteen Thousand, One Hundred and Thirty Six Dollars ($18,136.00) plus 5 calendar days of delay. The claim(s) was certified although not required by the Contract Disputes Act. More than sixty (60) days have passed since the Contracting Officer received AEROPLATE's claim. The Contracting Officer has not responded to AEROPLATE's claim and as such AEROPLATE's claim is deemed denied.

17. As a direct and proximate result of the foregoing, AEROPLATE has suffered damages as and for direct costs, delay, disruption, inefficiency, impact and extended home and field office overhead and liquidated damages in the sum of Eighteen Thousand, One Hundred and Thirty Six Dollars ($18,136.00) plus 5 calendar days of delay.

VI. Furred Walls

18. By letter dated November 23, 2007, AEROPLATE forwarded a claim in the amount of $182,400.79 for the estimated increased direct and indirect costs and delays related to PCO "Y", Furred Walls, and requested a Final Decision of the Contracting Officer in the in the approximate sum of One Hundred Eighty Two Thousand, Four Hundred Dollars and seventy nine cents ($182,400.79) plus 30 calendar days of delay. The claim(s) was certified as required by the Contract Disputes Act. More than sixty (60) days have passed since the Contracting Officer received AEROPLATE's claim. The Contracting Officer has not responded to AEROPLATE's claim and as such AEROPLATE's claim is deemed denied.

19. As a direct and proximate result of the foregoing, AEROPLATE has suffered damages as and for direct costs, delay, disruption, inefficiency, impact and extended home and field office overhead and liquidated damages in the sum of One Hundred Eighty Two

Thousand, Four Hundred Dollars and seventy nine cents ($182,400.79) plus 30 calendar days of delay.

VII. Reconfigure Ducts

20. By letter dated November 28, 2007, AEROPLATE forwarded a claim in the amount of $113,769.12 for the estimated increased direct and indirect costs and delays related to PCO "P", Reconfigure Ducts, and requested a Final Decision of the Contracting Officer in the in the approximate sum of One Hundred Thirteen Thousand, Seven Hundred Sixty Nine Dollars and Twelve cents ($113,769.12) plus 21 calendar days of delay. The claim(s) was certified as required by the Contract Disputes Act. More than sixty (60) days have passed since the Contracting Officer received AEROPLATE's claim. The Contracting Officer has not responded to AEROPLATE's claim and as such AEROPLATE's claim is deemed denied.

21. As a direct and proximate result of the foregoing, AEROPLATE has suffered damages as and for direct costs, delay, disruption, inefficiency, impact and extended home and field office overhead and liquidated damages in the sum of One Hundred Thirteen Thousand, Seven Hundred Sixty Nine Dollars and Twelve cents ($113,769.12) plus 21 calendar days of delay.

VIII. Environmental Controls

22. By letter dated December 5, 2007 (received by FANG on December 6, 2007), AEROPLATE forwarded a claim in the amount of $103,638.60 for the estimated increased direct and indirect costs and delays related to PCO "U", Environmental Controls, and requested a Final Decision of the Contracting Officer in the in the approximate sum of One Hundred Three Thousand, Six Hundred Thirty Eight Dollars and Sixty cents ($103,638.60) plus 21 calendar days of delay. The claim(s) was certified as required by the Contract Disputes Act. More than sixty (60) days have passed since the Contracting Officer received AEROPLATE's claim. The Contracting Officer has not responded to AEROPLATE's claim and as such AEROPLATE's claim is deemed denied.

23. As a direct and proximate result of the foregoing, AEROPLATE has suffered damages as and for direct costs, delay, disruption, inefficiency, impact and extended home and field office overhead and liquidated damages in the sum of One Hundred Three Thousand, Six Hundred Thirty Eight Dollars and Sixty cents ($103,638.60) plus 21 calendar days of delay.

24. AEROPLATE has and will continue to suffer further, other and additional damages, the precise sum of which is not presently known. AEROPLATE will amend its Complaint when the same are ascertained or upon proof thereof at trial. In addition to the foregoing, AEROPLATE is entitled to interest as provided by the Contract Disputes Act from the date on which the component parts of the foregoing sum became due.

## SECOND CAUSE OF ACTION

### IX. Heat Detectors

25. By letter dated December 17, 2007 (received by FANG on December 18, 2007), AEROPLATE forwarded a claim in the amount of $78,748.79 and 21 calendar days of delay for the estimated increased direct and indirect costs and delays related to PCO "AB", Heat Detectors, and requested a Final Decision of the Contracting Officer in the in the approximate sum of Seventy Eight Thousand, Seven Hundred Forty Eight Dollars and Seventy Nine cents ($78,748.79) plus 21 calendar days of delay. The claim(s) was certified as required by the Contract Disputes Act. More than sixty (60) days have passed since the Contracting Officer received AEROPLATE's claim. The Contracting Officer has not responded to AEROPLATE's claim and as such AEROPLATE's claim is deemed denied.

26. As a direct and proximate result of the foregoing, AEROPLATE has suffered damages as and for direct costs, delay, disruption, inefficiency, impact and extended home and field office overhead and liquidated damages in the sum of Seventy Eight Thousand, Seven Hundred Forty Eight Dollars and Seventy Nine cents ($78,748.79) plus 21 calendar days of delay.

X. Alert/Alarm Beacons

27. By letter dated January 8, 2008 (received by FANG on January 17, 2008), AEROPLATE forwarded a claim in the amount of $6,704.48 and 1 calendar day of delay for the estimated increased direct and indirect costs and delays related to PCO "J", Alert/Alarm Beacons (RFI#41), and requested a Final Decision of the Contracting Officer in the in the approximate sum of Six Thousand, Seven Hundred Four Dollars and Eight Cents and Seventy Nine cents ($6,704.48) plus 1 calendar day of delay. The claim(s) was certified as required by the Contract Disputes Act. More than sixty (60) days have passed since the Contracting Officer received AEROPLATE's claim. The Contracting Officer has not responded to AEROPLATE's claim and as such AEROPLATE's claim is deemed denied.

28. As a direct and proximate result of the foregoing, AEROPLATE has suffered damages as and for direct costs, delay, disruption, inefficiency, impact and extended home and field office overhead and liquidated damages in the sum of Six Thousand, Seven Hundred Four Dollars and Eight Cents and Seventy Nine cents ($6,704.48) plus 1 calendar day of delay.

XI. Additional Splay Wires

29. By letter dated January 8, 2008 (received by FANG on January 17, 2008), AEROPLATE forwarded a claim in the amount of $14,282.41 and 4 calendar days of delay for the estimated increased direct and indirect costs and delays related to PCO "AB", Heat Detectors, and requested a Final Decision of the Contracting Officer in the in the approximate sum of Fourteen Thousand, Two Hundred Forty Eighty Two Dollars and Forty One cents ($14,282.41) plus 4 calendar days of delay. The claim(s) was certified as required by the Contract Disputes Act. More than sixty (60) days have passed since the Contracting Officer received AEROPLATE's claim. The Contracting Officer has not responded to AEROPLATE's claim and as such AEROPLATE's claim is deemed denied.

30. As a direct and proximate result of the foregoing, AEROPLATE has suffered damages as and for direct costs, delay, disruption, inefficiency, impact and extended home and

field office overhead and liquidated damages in the sum of Fourteen Thousand, Two Hundred Forty Eighty Two Dollars and Forty One cents ($14,282.41) plus 4 calendar days of delay.

XII. Davis Bacon Wage/Material Price Increases

31. By letter dated January 23, 2008 (received by FANG on January 25, 2008), AEROPLATE forwarded a claim in the amount of $1,109,634.42 for the estimated increased direct and indirect costs and delays related to Davis Bacon Wage, Material Price increases and temporary trailer reconfiguration due to the delay in issuing an award to AEROPLATE, and requested a Final Decision of the Contracting Officer in the in the approximate sum of One Million One Hundred Nine Thousand, Six Hundred Thirty Four Dollars and Forty Two cents ($1,109,634.42 ). The claim(s) was certified as required by the Contract Disputes Act. More than sixty (60) days have passed since the Contracting Officer received AEROPLATE's claim. The Contracting Officer has not responded to AEROPLATE's claim and as such AEROPLATE's claim is deemed denied.

31. As a direct and proximate result of the foregoing, AEROPLATE has suffered damages as and for direct costs, delay, disruption, inefficiency, impact and extended home and field office overhead and liquidated damages in the sum of One Million One Hundred Nine Thousand, Six Hundred Thirty Four Dollars and Forty Two cents ($1,109,634.42 ).

32. AEROPLATE has and will continue to suffer further, other and additional damages, the precise sum of which is not presently known. AEROPLATE will amend its Complaint when the same are ascertained or upon proof thereof at trial. In addition to the foregoing, AEROPLATE is entitled to interest as provided by the Contract Disputes Act from the date on which the component parts of the foregoing sum became due.

//

//

//

//

//

WHEREFORE PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

FIRST CAUSE OF ACTION

1. For damages in the amount of Six Hundred Forty Eight Thousand, Seven Hundred and Sixty Six Dollars and eight cents ($648,066.08) together with interest thereon from a date according to proof under the Contract Disputes Act;

2. For reasonable attorneys' fees incurred herein in accordance with EAJA;

3. For costs of suit incurred herein; and

4. For such other and further relief as the court may deem just and proper.

SECOND CAUSE OF ACTION

1. For damages in the amount of One Million, Two Hundred Nine Thousand, Three Hundred and Seventy Dollars and ten cents ($1,209,370.10) together with interest thereon from a date according to proof under the Contract Disputes Act;

2. For reasonable attorneys' fees incurred herein in accordance with EAJA;

5. For costs of suit incurred herein; and

4. For such other and further relief as the court may deem just and proper.

Dated: April 9, 2008 Respectfully submitted,

/s/ William L. Bruckner
William L. Bruckner
BRUCKNER & WALKER, LLP
4550 Kearny Villa Road, Ste 209
San Diego, CA 92123
(858) 565-8300 Telephone
(858) 565-0813 Facsimile
bill@brucknerwalker.com

Attorneys for Aeroplate Corp.