IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AEROPLATE CORP. | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-81C |
| | ) | (Judge Lettow) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME

Pursuant to Rule 6(b)(1) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests a 45-day enlargement of time, to and including June 6, 2008, within which to file its response to the amended complaint. Our response is currently due on April 22, 2008. This is defendant's first request for an enlargement of time. We have discussed this motion with plaintiff's counsel, who advised us by e-mail that plaintiff may be opposed to an enlargement longer than 21 days; however, plaintiff has not taken a final position.

The enlargement is requested because of a delay in identifying the interested agency. The original complaint and the amended complaint refer to the interested agency as "the United States of America . . . acting by and through the Department of the Army and the Air Force National Guard." Promptly after receipt of the original complaint, the Department of Justice sent a copy to the Department of the Army with a request for a litigation report and suggested response to the complaint, pursuant to 28 U.S.C. § 520.[1]

[1] Section 520 provides that, "[i]n suits against the United States in the United States Court of Federal Claims . . . founded on a contract, agreement, or transaction with an executive department . . . the Attorney General shall send to the department . . . a printed copy of the petition filed by the claimant, with a request that the department . . . furnish to the Attorney General all facts, circumstances, and evidence concerning the claim in the possession or

After the amended complaint was filed on April 9, 2008, the undersigned trial attorney inquired with the Department of the Army concerning the status of the litigation report. An Army representative advised that after reviewing the complaint, the Army believed that the Department of the Air Force was the interested agency.

Accordingly, the undersigned trial attorney forwarded a copy of the amended complaint to the Department of the Air Force. On April 18, 2008, an Air Force representative advised that the interested agency is the Bureau of the National Guard, which is a joint bureau of the Department of the Army and the Department of the Air Force. The undersigned trial counsel promptly sent the amended complaint by facsimile to the National Guard Bureau, Office of General Counsel.

We regret the delay in identifying the interested agency in this case, and we will ask the National Guard Bureau to expedite the litigation report. At this time, however, trial counsel does not have any of the information necessary to draft a response to the amended complaint.

For the foregoing reasons, defendant respectfully requests that the Court grant this motion for an enlargement of time of 45 days, to an including June 6, 2008, within which to file a response to the amended complaint.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

---

knowledge of the department," and that, "[w]ithin a reasonable time after receipt of the request of the Attorney General, the executive department . . . shall furnish the Attorney General with a written statement of all facts, information, and proofs." 28 U.S.C. § 520.

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 305-3091
Fax: (202) 514-8640

April 21, 2008

Attorneys for Respondent

**CERTIFICATE OF FILING**

I hereby certify that on the 21st day of April, 2008, a copy of the foregoing "MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Roger A. Hipp